**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TERRELL D. JOHNSON,<br><br>             Plaintiff,<br><br>     v.<br><br>LOS ANGELES POLICE<br>DEPARTMENT et al.,<br><br>             Defendants. | ) Case No. CV 15-7296-BRO (JPR)<br>)<br>)<br>) ORDER ACCEPTING FINDINGS AND<br>) RECOMMENDATIONS OF U.S.<br>) MAGISTRATE JUDGE<br>)<br>)<br>)<br>) |

The Court has reviewed the First Amended Complaint, records on file, and Report and Recommendation of U.S. Magistrate Judge. See 28 U.S.C. § 636.  On January 19, 2016, Plaintiff constructively filed objections to the R&R.[1]  He mainly argues the merits of his claims, which are not at issue because the Magistrate Judge found that all of them are barred by Heck v.

---

[1] On January 11, 2016, Petitioner constructively filed a request for a 30-day extension of time to file his objections, which the Court granted on January 15.  In his January 19 objections, Plaintiff stated that he did not have enough time to prepare them and had not received any ruling on his request for an extension of time.  But although Plaintiff thereafter presumably received the Court's order granting his request for an extension, he did not file any additional objections.

1  Humphrey, 512 U.S. 477 (1994).² To the extent Petitioner argues
2  that his action should be allowed to proceed because Wallace v.
3  Kato, 549 U.S. 384 (2007), "overruled" Heck (see Objections at 4,
4  13), he is mistaken.  Wallace held that if a plaintiff files a
5  claim that is "related to rulings that will likely be made in a
6  pending or anticipated criminal trial," the district court may
7  stay the civil action until the criminal case or likelihood of a
8  criminal case has ended.  549 U.S. at 393-94.  Wallace also held
9  that when, as here, a plaintiff is "ultimately convicted" and the
10 civil suit would impugn that conviction, "Heck will require
11 dismissal."  Id. at 394.
12     Having made a de novo determination of those portions of the
13 R&R to which Plaintiff objected, the Court accepts the findings
14 and recommendations of the Magistrate Judge in the R&R and the
15 November 3, 2015 order dismissing the Complaint with leave to
16 amend.

---

²In any event, Plaintiff appears to admit in his Objections that he was arrested after a felony warrant was issued (see Objections at 3 (stating that he "had been arrested on a felony complaint in form as a warrant")), which defeats his claim that Defendants violated the Fourth Amendment by failing to obtain a timely probable-cause determination.  See United States v. Bueno-Vargas, 383 F.3d 1104, 1107 (9th Cir. 2004) ("When an arrest has been made subject to a warrant, a judicial determination of probable cause has already been made as a prerequisite to obtaining the arrest warrant.").

     IT THEREFORE IS ORDERED that judgment be entered dismissing this action.

DATED: March 3, 2016

_____
BEVERLY REID O'CONNELL
U.S. District Judge